# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 18-mj- 39
Devices and Media in the Custody of the )
Secret Service, Seized from Eric West )
on September 7, 2016 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT "A"

located in the ___Middle___ District of ___Louisiana___, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028 | Identity Theft; |
| 18 U.S.C. § 1028(A) | Aggravated Identity Theft; and |
| 18 U.S.C. § 1029 | Access Device Fraud |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kevin Bodden, Senior Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/26/18

*Judge's signature*

City and state: Baton Rouge, Louisiana        Richard L. Bourgeois, Jr., Magistrate Judge
*Printed name and title*

## ATTACHMENT A

Affiant is conducting an investigation into possible violations of 18 U.S.C. §§ 1028 (identity theft), 1028A (aggravated identity theft), and 1029 (access device fraud), which relate to the possession, production, or use of false identification documents and counterfeit or unauthorized access devices.

As described in Attachment A, the DEVICES AND MEDIA to be searched are (1) an HP laptop, model 15-P030R, serial number 5CD441022C; (2) a white Toshiba 16GB thumb drive; (3) a black ADATA 16GB thumb drive; (4) a ZTE mobile phone, model N9130, serial number 321552724904; (5) an LG mobile phone, model LGMS550, serial number 606CYWC189609; (6) a black Samsung mobile phone, model SPH-M580, serial number 268435460802227896; and (7) a black Coolpad mobile phone, model 3300A, serial number 99000564351323. The DEVICES AND MEDIA are currently located at the Secret Service's Baton Rouge Resident Office in their office's evidence vault, located at 2600 Citiplace Centre, Suite #425, Baton Rouge, Louisiana 70808, which is located in the Middle District of Louisiana.

This warrant authorizes the forensic examination of the DEVICES AND MEDIA for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the DEVICES AND MEDIA described in Attachment A that relate to violations of 18 U.S.C. §§ 1028, 1028A, and 1029 including:

   a. Electronic emails, text messages, multi-media messages, online chat forum entries, or any other types of electronic communications on these devices and media, whether saved, stored in caches, deleted, or in draft form;

   b. Word-processing documents, spreadsheets, written files, calendar entries, letters and correspondences, or any other type of files saved or stored in caches;

   c. Any and all types of images and/or videos;

   d. Records of online website histories, internet activity, and other internet traffic records;

   e. Records relating to call logs and GPS data;

   f. Records relating to the use of peripheral devices;

   g. Recovery of any and all stored passwords; and

   h. Recovery of any and all deleted items, files, images, documents, as previously listed above, found recoverable anywhere on the computer equipment's hardware.

2. Evidence of user attribution showing who used or owned the DEVICES AND MEDIA at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Devices and Media in the Custody of the<br>Secret Service, Seized from Eric West<br>on September 7, 2016 | )<br>)<br>) Case No. 18-mj- 39<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Middle    District of    Louisiana   
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT "A"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT "B"

**YOU ARE COMMANDED** to execute this warrant on or before   March 12, 2018   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Richard L. Bourgeois, Jr.   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   2/26/18 at 2:45pm   _____
                                                                                        *Judge's signature*

City and state:    Baton Rouge, Louisiana       Richard L. Bourgeois, Jr., Magistrate Judge   
                                                                                        *Printed name and title*

# ATTACHMENT A

Affiant is conducting an investigation into possible violations of 18 U.S.C. §§ 1028 (identity theft), 1028A (aggravated identity theft), and 1029 (access device fraud), which relate to the possession, production, or use of false identification documents and counterfeit or unauthorized access devices.

As described in Attachment A, the DEVICES AND MEDIA to be searched are (1) an HP laptop, model 15-P030R, serial number 5CD441022C; (2) a white Toshiba 16GB thumb drive; (3) a black ADATA 16GB thumb drive; (4) a ZTE mobile phone, model N9130, serial number 321552724904; (5) an LG mobile phone, model LGMS550, serial number 606CYWC189609; (6) a black Samsung mobile phone, model SPH-M580, serial number 268435460802227896; and (7) a black Coolpad mobile phone, model 3300A, serial number 99000564351323. The DEVICES AND MEDIA are currently located at the Secret Service's Baton Rouge Resident Office in their office's evidence vault, located at 2600 Citiplace Centre, Suite #425, Baton Rouge, Louisiana 70808, which is located in the Middle District of Louisiana.

This warrant authorizes the forensic examination of the DEVICES AND MEDIA for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1. All records on the DEVICES AND MEDIA described in Attachment A that relate to violations of 18 U.S.C. §§ 1028, 1028A, and 1029 including:

   a. Electronic emails, text messages, multi-media messages, online chat forum entries, or any other types of electronic communications on these devices and media, whether saved, stored in caches, deleted, or in draft form;

   b. Word-processing documents, spreadsheets, written files, calendar entries, letters and correspondences, or any other type of files saved or stored in caches;

   c. Any and all types of images and/or videos;

   d. Records of online website histories, internet activity, and other internet traffic records;

   e. Records relating to call logs and GPS data;

   f. Records relating to the use of peripheral devices;

   g. Recovery of any and all stored passwords; and

   h. Recovery of any and all deleted items, files, images, documents, as previously listed above, found recoverable anywhere on the computer equipment's hardware.

2. Evidence of user attribution showing who used or owned the DEVICES AND MEDIA at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF DEVICES AND MEDIA IN THE CUSTODY OF THE SECRET SERVICE, SEIZED FROM ERIC WEST ON SEPTEMBER 7, 2016 | Case No. 18-mj- 39 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, **KEVIN BODDEN**, being first duly sworn, hereby depose and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search and examination of the following devices and media that are currently in law enforcement possession: (1) an HP laptop, model 15-P030R, serial number 5CD441022C; (2) a white Toshiba 16GB thumb drive; (3) a black ADATA 16GB thumb drive; (4) a ZTE mobile phone, model N9130, serial number 321552724904; (5) an LG mobile phone, model LGMS550, serial number 606CYWC189609; (6) a black Samsung mobile phone, model SPH-M580, serial number 268435460802227896; and (7) a black Coolpad mobile phone, model 3300A, serial number 99000564351323 (hereinafter, "DEVICES AND MEDIA"), and the extraction from the DEVICES AND MEDIA of electronically stored information described in Attachment B.

2. I am a Senior Special Agent of the United States Secret Service ("Secret Service") and have been so employed since September of 1997 and am currently assigned to the Baton Rouge Resident Office. During my tenure as a Special Agent, I have conducted and participated

in numerous investigations of criminal activity, including but not limited to, counterfeit commercial check manufacturing, identity theft, and other financial crimes involving computer equipment. During the investigations of these cases, I have executed or participated in the execution of several search warrants, and seized evidence of such violations.

3. I submit this Affidavit based upon information known to me personally from this investigation, as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

4. As a Senior Special Agent, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. This Affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PURPOSE OF AFFIDAVIT

5. Affiant is conducting an investigation into possible violations of 18 U.S.C. §§ 1028 (identity theft), 1028A (aggravated identity theft), and 1029 (access device fraud), which relate to the possession, production, or use of false identification documents and counterfeit or unauthorized access devices.

6. As described in Attachment A, the DEVICES AND MEDIA to be searched are (1) an HP laptop, model 15-P030R, serial number 5CD441022C; (2) a white Toshiba 16GB thumb drive; (3) a black ADATA 16GB thumb drive; (4) a ZTE mobile phone, model N9130, serial number 321552724904; (5) an LG mobile phone, model LGMS550, serial number 606CYWC189609; (6) a black Samsung mobile phone, model SPH-M580, serial number 268435460802227896; and (7) a black Coolpad mobile phone, model 3300A, serial number 99000564351323. The DEVICES AND MEDIA are currently located at the Secret Service's

2

Baton Rouge Resident Office in their office's evidence vault, located at 2600 Citiplace Centre, Suite #425, Baton Rouge, Louisiana 70808, which is located in the Middle District of Louisiana.

7. The applied-for warrant would authorize the forensic examination and search of the DEVICES AND MEDIA, for the purpose of identifying evidence more particularly described below and in Attachment B, incorporated herein by reference, as evidence, fruits, and instrumentalities of criminal activity.

## PROBABLE CAUSE

8. On September 7, 2016, the Secret Service's Baton Rouge Resident Office was informed that Louisiana State Police ("LSP") troopers had conducted a traffic investigation on September 7, 2016, which yielded items consistent with a large counterfeit identification operation, as further described below.

9. On September 7, 2016, at approximately 09:22 a.m., LSP Trooper First Class ("TFC") Douglas Thompson and TFC Jake Patin were stationed on Interstate 10 near mile post #151, in West Baton Rouge Parish, when a silver Nissan Altima passed their position in the right lane. TFC Thompson conducted law enforcement database checks on the vehicle's Texas license plate (GXH2552) and determined that the vehicle was reported stolen by Hertz Rental Car, LLC. TFC Thompson and TFC Patin entered I-10 and confirmed the license plate match. The troopers then initiated a traffic stop on the vehicle just east of LA 415, near mile post #152. After the Nissan Altima pulled over, the driver, later identified as Eric Cornelius WEST ("WEST"), stepped out of the car. When asked for identification, WEST removed and opened his wallet, and TFC Thompson observed in plain view multiple licenses inside WEST's wallet. WEST then handed TFC Thompson, a Texas driver's license (#xxxx3686) identifying him as Eric Cornelius WEST, with a date of birth of xx/xx/1971.

3

10. TFC Thompson noticed that WEST was exhibiting "anxious behavior" as if to prepare to flee on foot. For his safety, due to interstate vehicular traffic, TFC Thompson handcuffed WEST and advised him of his *Miranda* rights. WEST stated that he understood his rights and told the trooper that he had had the car for approximately six months. As the troopers attempted to place WEST into their unit, he fled on foot, westbound on the highway's shoulder. The troopers quickly re-apprehended WEST, who continued to resist as they placed him into their unit. The troopers eventually used a taser against WEST.

11. The troopers inventoried the stolen vehicle driven by WEST and discovered the following items in the vehicle: the DEVICES AND MEDIA, multiple drivers' licenses with different names (some with WEST's photograph on them); multiple credit cards with different names; multiple social security cards with different names; multiple printers; an MSR605 magnetic-stripe re-encoder (a device capable of re-encoding credit cards and identification cards); partially printed identification cards; various bank account and loan documents in the names of other persons; several mobile flip phones; and other equipment and supplies used to manufacture counterfeit identification cards and credit cards.

12. TFC Thompson interviewed WEST. WEST admitted to TFC Thompson that he has a severe gambling problem and that the identification cards, social security cards, and card manufacturing equipment, were all his. WEST further stated that he used the equipment to help other people with their finances. WEST admitted to having a previous arrest for tampering with government documents. The troopers conducted law enforcement database checks on WEST and discovered that he had an active warrant, issued by Texas Probation and Parole on July 30, 2016, for fraud and tampering with government documents.

13. The troopers had the vehicle moved to the West Baton Rouge Parish Jail for further investigation. While there, the troopers surrendered the evidence previously gathered

4

from inside the vehicle to LSP Detective Gary Thomas. TFC Patin booked WEST into the West Baton Rouge Jail as a fugitive based on the active warrant from Texas.

14. Continuing on September 7, 2016, Detective Thomas applied for and obtained a state search warrant from State Judge James Best, of the 18th Judicial District, which authorized the search and seizure of evidence contained in the vehicle. The state search warrant was executed and the evidence was removed from the stolen vehicle.

15. After the arrest and confirmation of numerous driver's licenses and other identification cards as counterfeit, this case was assigned to the Affiant. LSP subsequently transferred custody of the evidence collected in this case to the Secret Service.

16. Later investigation also confirmed that at least 18 of the social security cards found in WEST's possession belonged to another actual person, while 13 of the social security cards appeared to be counterfeit – meaning they contained social security numbers that had been assigned to actual people but with false or incorrect names.

17. Based on the training, knowledge, and experience of the Affiant, in over 20 years as a financial crimes investigator, and in his work as the primary agent in numerous other cases involving manufacturing counterfeit identification cards and counterfeit re-encoded credit cards, the Affiant has probable cause to believe that Eric WEST has been found to be in the possession of a mobile, counterfeit identification card and access device operation. Evidence for this includes the numerous items seized from his possession in the stolen vehicle, including: a laptop computer, multiple printers, numerous credit cards, numerous counterfeit identification cards bearing his photo, the magnetic-stripe re-encoder device, numerous mobile phones, and other devices and supplies.

18. The Affiant further knows through his training and experience that individuals who possess and operate mobile counterfeit operations additionally use computers to produce the

5

false identifications and counterfeit access devices, and use computers and thumb drives to store the information used on the false identifications and counterfeit access devices.

19. The Affiant knows through his 20 years of investigative experience, that the discovery of the MSR605 magnetic-stripe re-encoder is significant because of its singular use for encoding magnetic-stripes such as those found on the reverse sides of identification cards and credit cards. Furthermore, the Affiant knows that the MSR605 has no ability to store data and is not a "stand alone" device; therefore, it must be used in conjunction with a computer (which stores the data to be re-encoded) to transfer and re-encode, data onto cards with magnetic-stripes.

20. Additionally, the Affiant knows, through his training and experience, that the mobile phones listed on Attachment A have capabilities that include: voice calling; storing "call logs" of the dates, times, and numbers called; storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. The mobile phones may also include global positioning system ("GPS") technology for determining the location of the device, and may contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail, editing files and images, printing documents and images, and participating in Internet social networks. In Affiant's training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

21. The DEVICES AND MEDIA are currently in the lawful possession of the Secret Service. Therefore, while the Secret Service might already have all necessary authority to

6

examine the DEVICES AND MEDIA, Affiant seeks this additional warrant out of an abundance of caution to be certain that an examination of the DEVICES AND MEDIA will comply with the Fourth Amendment and other applicable laws.

22. The DEVICES AND MEDIA are currently in storage at the Secret Service's Baton Rouge Resident Office's evidence vault, located at 2600 Citiplace Centre, Suite #425, Baton Rouge, Louisiana 70808. In Affiant's training and experience, Affiant knows that the DEVICES AND MEDIA have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICES AND MEDIA first came into the possession of the Secret Service.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

23. Based on Affiant's knowledge, training, and experience, Affiant knows that electronic devices and media can store information for long periods of time. This information can sometimes be recovered with forensic tools.

24. There is probable cause to believe that things that were once stored on the DEVICES AND MEDIA may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, Affiant knows that computer files, or remnants of such files, can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

    b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

    c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

25. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the DEVICES AND MEDIA were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the DEVICES AND MEDIA because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted

portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.

       Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

    f. Affiant knows that when an individual uses an electronic device to produce a false identification document or counterfeit access device, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From Affiant's training and experience, Affiant believes that an electronic device used to commit a crime of this type may contain data that is evidence of how the electronic device was used, data that was sent or received, and other records that indicate the nature of the offense.

26. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant Affiant is applying for would permit the examination of the DEVICES AND MEDIA consistent with the warrant. The examination may require authorities to employ techniques including, but not limited to, computer-assisted scans of the entire medium that might expose many parts of the DEVICES AND MEDIA to human inspection in order to determine whether it is evidence described by the warrant.

27. *Manner of execution.* Because this warrant seeks only permission to examine DEVICES AND MEDIA already in law enforcement's possession, the execution of this warrant

10

does not involve the physical intrusion onto a premises. Consequently, Affiant submits there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

28. Affiant submits that this Affidavit supports probable cause for a search warrant authorizing the examination of the DEVICES AND MEDIA described in Attachment A, to seek the items described in Attachment B.

Respectfully submitted,

*(signature)*
Kevin Bodden
Senior Special Agent
United States Secret Service

Subscribed and sworn to before me this 26th day of February, 2018.

*(signature)*
HONORABLE RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF LOUISIANA

11